# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DEMETRIUS FLOWERS                                                                                    PLAINTIFF

V.                                      NO: 3:12CV00081 JMM/HDY

TROXEL ROGER *et al.*                                                                              DEFENDANTS

## ORDER

Plaintiff Demetrius Flowers, formerly held at the Craighead County Jail, filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on March 21, 2012. Now pending is Plaintiff's application for leave to proceed *in forma pauperis* (docket entry #11).[1]

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least three prior civil actions dismissed as frivolous or for failure to state a claim

---

[1] The May 8, 2012 referral to the Magistrate Judge is hereby withdrawn.

upon which relief may be granted.² Plaintiff's three strikes have previously been recognized in this district. *See Flowers v. Beavers et al.*, ED/AR No. 3:08CV148. The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff raises claims regarding his treatment while he was held at the Craighead County Jail. Because Plaintiff has since been released from custody, such claims do not describe imminent danger of serious physical injury.³

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's application for leave to proceed *in forma paupeirs* (docket entry #11) is DENIED, and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this  10   day of May, 2012.

                                                 UNITED STATES DISTRICT JUDGE

---

²*See Flowers v. Fogelman*, ED/AR No. 3:07CV00167; *Flowers et al. v. Kasomen et al.* ED/AR No. 3:08CV00065; *Flowers v. Wilson et al.*, ED/AR No. 4:08CV00373.

³Although it applies only to a "prisoner," § 1915(g) was triggered the moment Plaintiff brought the complaint as a prisoner. *See Williams v. Scalleta*, 11 Fed.Appx. 677 (8th Cir. 2001) (unpublished per curiam) (definition of prisoner refers to a person who is incarcerated at time action is filed). Even if § 1915(g) did not apply, it appears that Plaintiff seeks only injunctive relief, and such a request is moot because of his release.